IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| STANLEY WALD and ANNE WALD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-1492-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| AMERICAN WEST STEAMBOAT | ) | |
| COMPANY, LLC, an Oregon Limited | ) | |
| Liability Company, and EMPRESS OF | ) | |
| THE NORTH, a shipping vessel, | ) | |
| | ) | |
| Defendants. | ) | |

Lauren Paulson
3980 S. W. 170th Avenue
Aloha, Oregon  97007

  Attorney for Plaintiffs

Thomas E. McDermott
Daniel W. Howard
Lindsay, Hart, Neil & Weigler, LLP
1300 S. W. Fifth Avenue, Suite 3400
Portland, Oregon  97201-5640

  Attorneys for Defendants

Page 1 - OPINION AND ORDER

KING, Judge:

Plaintiffs Stanley and Anne Wald bring a personal injury action against American West Steamboat Company, LLC and EMPRESS OF THE NORTH (collectively, "defendants") based on incidents that occurred while plaintiffs were passengers aboard the EMPRESS OF THE NORTH.  Before me is Defendants' Motion for Summary Judgment (#7).  For the following reasons, I grant the motion.

## BACKGROUND

According to defendants, prior to the November, 2003 cruise aboard the EMPRESS OF THE NORTH, plaintiffs received cruise documents, which included the ticket voucher, Passage and Tour Contract, and general information about the cruise.  Before boarding, plaintiffs turned in their original ticket voucher to the Purser, who retained the voucher.  Passengers are to keep the other cruise documents, including the Passage and Tour Contract, in their possession.

The front of the ticket voucher includes a "notice" in large print and enclosed in a box. This notice alerts passengers as follows:

> **NOTICE**:    BY ACCEPTING AND/OR USING THIS VOUCHER, THE PASSENGER AGREES TO THE TERMS AND CONDITIONS OF THE "PASSAGE AND TOUR CONTRACT," A FULL COPY OF WHICH IS ATTACHED OR AVAILABLE ON REQUEST.

Declaration of Daniel W. Howard in Support of Defendant's Motion for Summary Judgment ("Howard Dec."), Ex. 1.

The reverse side of the ticket voucher includes "GENERAL CONDITIONS," which also alerts passengers, albeit in smaller print, that by using the ticket voucher they agree to the terms and conditions of the Passage and Tour Contract.

The Passage and Tour Contract contains the following language:

**Passage & Tour Contract**

Please Read This Document Carefully

**TERMS AND CONDITIONS OF PASSAGE CONTRACT**

On the second page of the document, in the second column, about one quarter of the way down the page, the following language appears:

VII.  NOTICE OF CLAIM AND FILING OF SUITS

26.    LOSSES INCURRED BY PASSENGER:
a.    Loss of Life, Illness, or Bodily Injury of Passenger.  The Company shall not be liable for any claim of or with respect to loss of life, illness or bodily injury of a Passenger unless made in writing and lodged with the Company at American West Steamboat Company, LLC, Claims Department, 2101 4th Ave., Suite 1150, Seattle, WA 98121 within six (6) months from the day when the death, illness or injury occurred.  The failure to give notice of loss or damage and/or make and lodge claim as above provided shall bar all suits and actions thereon no matter by whom instituted.  <u>Suits and actions to recover for loss of life, illness, or bodily injury shall not be maintainable unless filed within one (1) year from the day when the death, illness or injury occurred.</u>

Howard Dec., Ex. 2 at 2 (emphasis added).

Plaintiffs' counsel sent defendants a letter on January 8, 2004 requesting "any documentation you have with regard to the incident of record."  Howard Dec., Ex. 5.  Defendants responded on February 3, 2004 with a copy of the injury report.

Although plaintiffs admit that the date of their alleged injuries was November 27, 2003, and that they filed their lawsuit on September 27, 2005, 22 months after the alleged incident giving rise to plaintiffs' claims, plaintiffs deny the other facts referenced above without providing any contradictory evidence of their own.

Plaintiffs offer the following additional facts: that they sent defendants a settlement package on February 11, 2005, a follow-up letter on February 25, 2005,[1] called on March 10, 2005,[2] and sent a letter on March 17, 2005,[3] and defendants did not respond to any of these contacts.[4]  On March 22, 2005, plaintiffs sent defendants a letter, and defendants responded on March 23, 2005 with a letter identifying the contractual provision now at issue.

## LEGAL STANDARDS

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The initial burden is on the moving party to point out the absence of any genuine issue of material fact.  Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  On a motion for summary judgment, the evidence is viewed in the light most favorable to the nonmoving party.  Universal Health Services, Inc. v. Thompson, 363 F.3d 1013, 1019 (9th Cir. 2004).

## DISCUSSION

Defendants invoke Section 26(a) of the Passage and Tour Contract, arguing that plaintiffs failed to file their complaint within one year of the date of injury.  Plaintiffs did not file their complaint until 22 months after the injury.

---

[1] Plaintiffs submit no evidence in support of this alleged fact.

[2] Plaintiffs submit no evidence in support of this alleged fact.

[3] Plaintiffs submit no evidence in support of this alleged fact.

[4] Plaintiffs submit no evidence in support of this alleged fact.

Typically, the applicable statute of limitations for personal injuries under maritime law is three years. 46 U.S.C. app. § 763a. However, in contracts involving the transportation of passengers, the law permits a one year limitations period. 46 U.S.C. app. § 183b(a). The Ninth Circuit has upheld such a limitation period in passenger cruise contracts. Dempsey v. Norwegian Cruise Line, 972 F.2d 998, 1000 (9th Cir. 1992).

To determine whether a passenger is bound by the contract, courts apply a two-pronged test to determine whether the limitation was "reasonably communicated" to the plaintiffs. Id. at 999. Courts first evaluate the physical characteristics of the ticket, and then evaluate the context in which the passenger purchased the ticket and retained the contract.

Under the first prong, the "type, conspicuousness and clarity of notice on the face of the ticket, and the ease with which a passenger can read the provisions" are important. Wallis v. Princess Cruises, Inc., 306 F.3d 827, 835 (9th Cir. 2002).

Here, a copy of plaintiffs' original ticket voucher contains the following language:

> **NOTICE**:    BY ACCEPTING AND/OR USING THIS VOUCHER, THE
> PASSENGER AGREES TO THE TERMS AND CONDITIONS
> OF THE "PASSAGE AND TOUR CONTRACT," A FULL COPY
> OF WHICH IS ATTACHED OR AVAILABLE ON REQUEST.

Howard Dec., Ex. 1. Candy Westfall, the Director of Marine Operations for American West Steamboat Company, LLC, testifies in a declaration that "Exhibit 2 to Howard's Declaration is a true copy of the Passage and Tour Contract in effect in November, 2003 that was sent to plaintiffs with their ticket voucher and other cruise documents in advance of the November 24, 2003 cruise." Declaration of Candy Westfall in Support of Defendants' Motion for Summary Judgment ("Westfall Dec."), at ¶ 9. The one-year limitations period, set forth fully above, is

printed on the second page of the Passage and Tour Contract and is prefaced with the headline

"Notice of Claim and Filing of Suits."

Judge Hogan upheld a passenger contract containing a one year limitations period placed

in a similar location in the contract.  He noted,

> I find that defendant "reasonably communicated" the terms and conditions
> of the contract.  The cover of the ticket and the first page direct the holder to read
> all the provisions.  The actual placement of the limitations section is not
> dispositive, because it "is not harder to find or to read than any of the other
> provisions in this contract, and, once it is located and read, it is easily understood.
> There is also no requirement that a time limitation provision must be the first
> clause of such a ticket contract before it is legally enforceable."

Peoples v. Croisieres Paquet, Civ. No. 87-6354-E, 1988 WL 143414, *3 (Apr. 20, 1988) (quoting

Marek v. Marpan Two, Inc., 817 F.2d 242, 247 (3rd Cir. 1987)).  In applying the factors under the

first prong of the test, I similarly find that defendants reasonably communicated to plaintiffs the

limitations period at issue here.

As for the second prong, courts look at the "passenger's familiarity with the ticket, the

time and incentive under the circumstances to study the provisions of the ticket, and any other

notice that the passenger received outside of the ticket."  Wallis, 306 F.3d at 836.  The

passenger's failure to read the contract language is irrelevant.  Peoples, 1988 WL 143414, *3.

The thrust under the second prong is an evaluation of whether plaintiff had an opportunity to

learn about the limitations period.  Lousararian v. Royal Caribbean Corp., 951 F.2d 7, 11 (1st Cir.

1991).

Westfall testifies that defendants usually send the ticket voucher and Passage and Tour

Contract via the mail approximately one month before the cruise.  As stated above, she also

testifies that Exhibit 2 is a true copy of the Passage and Tour Contract sent to plaintiffs with their

ticket voucher.  Finally, she testifies that on the day of boarding, passengers check in at a local

Page 6 - OPINION AND ORDER

hotel, at which time they turn their ticket vouchers in to the Purser.  She also testifies that any remaining documents, including the Passage and Tour Contract, remain with the passengers.

Defendants argue that passengers have an incentive to check the contract after being injured, relying on cases from other circuits.  The First Circuit stated, "[T]he prevailing view seems to be that an injured passenger has a 'powerful incentive,' and thus an affirmative responsibility, to become informed so long as the opportunity to do so exists."  Lousararian, 951 F.2d at 12.

In addition, in assessing plaintiff's opportunity to know about the limitations period, defendants urge the court to consider the fact that plaintiffs retained an attorney six weeks after the injury.  In Dempsey, the court stated, "[W]hen a passenger is involved in an accident, it is reasonable to expect the passenger to consult his or her ticket or an attorney to determine his or her rights.  The passenger can fully protect his or her rights by filing suit within one year of the injury."  Dempsey, 972 F.2d at 1000.

Here, defendants offer evidence that plaintiffs received the Passage and Tour Contract approximately one month before the cruise, and that it was not taken from them at the time of boarding such that it was available to them after they suffered injuries.  In addition, defendants offer evidence that plaintiffs hired an attorney to represent them by at least January 8, 2004. Applying the factors of the second prong, plaintiffs had a sufficient opportunity to learn about the limitations period.

Plaintiffs assert that defendants have no evidence that plaintiffs ever received the Passage and Tour Contract, or that it was mailed to them.  Plaintiffs also argue that their ticket indicates that the Passage and Tour Contract may not have been attached since the language on the ticket states, "A full copy [of the Passage and Tour Contract] is attached or available on request."

Howard Dec., Ex. 1 (emphasis added).  Finally, plaintiffs contend that defendants are estopped from relying on the limitation provision because plaintiffs' counsel requested "any documentation you have in regard to the incident" on January 8, 2004.  Defendants did not notify plaintiffs of the limitations period until after the period had come to an end.

I find none of these arguments to be persuasive.  Plaintiffs have not presented any evidence to demonstrate that there remains a material issues of fact.  The non-movant must demonstrate through the production of probative evidence that there remains an issue of fact to be tried.  Celotex Corp., 477 U.S. at 323; see also Fed. R. Civ. P. 56(e) ("adverse party's response by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial").  Here, plaintiffs do not submit any evidence contradicting Westfall's testimony.  Simply pointing to the ticket containing language that the Passage and Tour Contract may be available on request is insufficient to rebut defendants' statement that "Exhibit 2 to Howard's Declaration is a true copy of the Passage and Tour Contract in effect in November, 2003 that was sent to plaintiffs with their ticket voucher and other cruise documents in advance of the November 24, 2003 cruise."  Westfall Dec. ¶ 9.  Plaintiffs offer no evidence that they did not receive the Passage and Tour Contract.  Accordingly, I find that there are no material issues of fact that plaintiffs received a copy of the Passage and Tour Contract containing the one year limitations period.

As for plaintiffs' argument that defendants had some sort of duty to bring the limitation language to the attention of plaintiffs' counsel, I note that defendants responded to plaintiffs' counsel's request for "documentation you have with regard to the incident of record" by providing a copy of the injury report.  Plaintiffs did not request information related to ticketing, booking, or passenger contracts.  In addition, plaintiffs offer no evidence that they attempted to

communicate with defendants after receiving the injury report until over a year later when plaintiffs' counsel sent a demand letter to defendants.  At that time, defendants responded by pointing to the limitations period language in the Passage and Tour Contract.  These facts do not render the defendants' otherwise reasonable communicativeness unreasonable.

As for plaintiffs' estoppel argument, plaintiffs have offered no facts from which I could conclude that defendants misled or duped plaintiffs.  See Kendall v. American Hawaii Cruises, 704 F. Supp. 1010, 1018 (D. Haw. 1989) (no evidence that defendant intended to cause claim to become time-barred). The only communications between the parties during the relevant period occurred in January and February of 2004, and further communications did not take place until after the statute of limitations had expired.  Plaintiffs have provided no evidence that defendants induced them to defer bringing an action until it was too late.

## CONCLUSION

For the foregoing reasons, I grant Defendants' Motion for Summary Judgment (#7).

Dated this _____2nd_____ day of May, 2006.


_____/s/ Garr M. King_____
Garr M. King
United States District Judge